1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

11    KELLY MCKAY,                          )        NO. EDCV 12-609 AGR
                                            )
12              Plaintiff,                  )
                                            )
13          v.                              )
                                            )        MEMORANDUM OPINION AND
14    CAROLYN W. COLVIN,                    )        ORDER
      Commissioner of Social Security,      )
15                                          )
                                            )
16              Defendant.                  )
                                            )
17    _____  )

18          Plaintiff Kelly McKay filed this action on May 11, 2012.  Pursuant to 28

19    U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.

20    (Dkt. Nos. 8, 9.)  On December 28, 2012, the parties filed a Joint Stipulation

21    ("JS") that addressed the disputed issues.  The court has taken the matter under

22    submission without oral argument.

23          Having reviewed the entire file, the court affirms the decision of the

24    Commissioner.

25
26
27
28

# I.

## **PROCEDURAL BACKGROUND**

On February 19, 2008, McKay filed applications for disability insurance benefits and supplemental security income alleging an onset date of December 7, 2007.  AR 10, 220-23, 226-33.  The applications were denied initially and on reconsideration.  AR 10, 82, 100, 118, 124.  McKay requested a hearing before an Administrative Law Judge ("ALJ").  AR 143-44.  On April 20, 2011, the ALJ conducted a hearing at which McKay, a medical expert, and a vocational expert testified.[1]  AR 36-65.  On May 13, 2011, the ALJ issued a decision denying benefits.  AR 10-27.  On March 12, 2012, the Appeals Council denied the request for review.  AR 1-3.  This action followed.

# II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the

---

[1]  McKay testified at a hearing on October 26, 2010, but the hearing was continued to allow submission of additional medical evidence and retention of a medical expert.  AR 68-81.  After the continuance, over 1,500 pages of additional evidence was produced.  AR 1287-2818.

1   evidence is susceptible to more than one rational interpretation, the court must

2   defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

3                                          **III.**

4                                   **DISCUSSION**

5       **A.     Disability**

6       A person qualifies as disabled, and thereby eligible for such benefits, "only

7   if his physical or mental impairment or impairments are of such severity that he is

8   not only unable to do his previous work but cannot, considering his age,

9   education, and work experience, engage in any other kind of substantial gainful

10  work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20,

11  21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

12      **B.     The ALJ's Findings**

13      The ALJ found that McKay had the severe impairments of hernias, chronic

14  abdominal pain, bipolar disorder, and substance abuse.  AR 13.  McKay's

15  impairments, including the substance abuse disorders, met Listings 12.04 and

16  12.09.  *Id.*

17      If McKay stopped the substance abuse, her impairments would not meet or

18  equal a listed impairment.  AR 14.  If McKay stopped the substance abuse, she

19  would have the residual functional capacity to perform a range of sedentary work.

20  AR 15.  She can lift and/or carry 10 pounds occasionally and frequently, stand

21  and/or walk for two hours with regular breaks, sit for six hours with regular

22  breaks, and  occasionally climb ramps and stairs.  *Id.*  She can never climb

23  ladders, ropes, or scaffolds; she can occasionally balance, stoop, kneel, crouch

24  and crawl.  *Id.*  She can have no more than a moderate degree of stress from all

25  sources; she is restricted from high production quotas; she can have no intrusive

26  supervision or peer pressure.  *Id.*  She is limited to no more than three- to five-

27  step moderately complex tasks; she should avoid inherently stressful jobs dealing

28  with the public, specifically a complaint taker.  *Id.*  If McKay stopped the

1
2
3
4

substance abuse, she would be able to perform her past relevant work.  AR 25.
Alternatively, there are other jobs existing in the national economy that she can
perform.  *Id.*  McKay's substance abuse disorder was a contributing factor
material to the determination of disability.  AR 26.

5

      **C.    Treating Physician**

6
7

     McKay contends that the ALJ did not properly consider the opinion of Dr.
Gill, her treating psychiatrist.

8
9
10
11
12
13
14
15
16
17
18
19
20

     An opinion of a treating physician is given more weight than the opinions of
non-treating physicians.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  To
reject an uncontradicted opinion of a treating physician, an ALJ must state clear
and convincing reasons that are supported by substantial evidence.  *Bayliss v.
Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  When, as here, a treating
physician's opinion is contradicted by another doctor, "the ALJ may not reject this
opinion without providing specific and legitimate reasons supported by substantial
evidence in the record.  This can be done by setting out a detailed and thorough
summary of the facts and conflicting clinical evidence, stating his interpretation
thereof, and making findings."  *Orn*, 495 F.3d at 632 (citations and quotation
marks omitted).  "When there is conflicting medical evidence, the Secretary must
determine credibility and resolve the conflict."  *Thomas v. Barnhart*, 278 F.3d 947,
956-57 (9th Cir. 2002) (citation and quotation marks omitted).

21
22
23
24
25
26
27
28

     Dr. Gill completed a Work Capacity Evaluation (Mental) on September 17,
2010.  AR 371-72.  He opined that McKay had marked limitations in her ability to
remember locations and work-like procedures; maintain attention and
concentration for extended periods; perform activities within a schedule, maintain
regular attendance, and be punctual within customary tolerances; sustain an
ordinary routine without special supervision; work in coordination with or in
proximity to others without being distracted by them; accept instructions and
respond appropriately to criticism from supervisors; get along with co-workers or

peers without distracting them or exhibiting behavioral extremes; respond appropriately to changes in the work setting; and set realistic goals or make plans independently of others.  *Id.*  McKay had moderate limitations in the ability to interact appropriately with the general public.  AR 371.  She had no limitations in the ability to understand and remember very short and simple instructions, carry out very short and simple instructions, ask simple questions or request assistance, and be aware of normal hazards and take appropriate precautions.  AR 371-72.  She would be absent from work at least three days per month due to her impairments or treatment.  AR 372.

The ALJ gave "great weight" to Dr. Gill's opinion regarding McKay's limitations while abusing substances.  AR 14.  The ALJ noted that the limitations essentially preclude substantial gainful activity.[2]  AR 24.  The ALJ found that Dr. Gill's opinion was supported by McKay's treatment history and statements while she was abusing substances.  AR 14.

However, the ALJ gave "little weight" to Dr. Gill's opinion regarding McKay's limitations when she was not abusing substances.  AR 24.  Dr. Gill did not "take into consideration [McKay's] functional abilities if she were to stop abusing substances and was compliant with her treatment regimen."  *Id.*

McKay contends the ALJ's finding that Dr. Gill did not consider her functional abilities if she were to stop abusing substances is "unfounded."  JS 6.  She argues Dr. Gill must have evaluated her limitations apart from her use of drugs or alcohol because the Work Capacity Evaluation (Mental) form states that the assessment shall be made "apart from the effects of drug or alcohol use or abuse."  AR 371.

---

[2]  McKay argues that the ALJ does not mention each significant finding in Dr. Gill's opinion.  However, the ALJ is not required to discuss every piece of evidence on record.  *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).  The ALJ properly addressed Dr. Gill's opinion regarding the effect of McKay's limitations on her ability to work.  AR 24.

1    However, the record does not reflect that Dr. Gill knew about McKay's

2    ongoing drug abuse.  AR 1247-64, 2497-2502.  As the ALJ noted, McKay has a

3    "history of polysubstance dependence including marijuana, speed, and alcohol."

4    AR 17, 583.  The record contains numerous references to McKay's drug-seeking

5    behavior and ongoing addiction to narcotics, despite her testimony that she does

6    not have any drug abuse problems.  *See, e.g.,* AR 17, 47, 1040, 1136-37, 1506,

7    1659, 1907, 2290, 2329, 2564, 2572, 2643-44, 2779.  For example, in June 2010,

8    three months before Dr. Gill's evaluation, an emergency room doctor noted

9    McKay's "very alarming pattern of narcotic prescription use, . . . that includes

10   getting over 100 tablets of narcotics on one day and then the very next day

11   getting [a] prescription for further narcotics."  AR 2527.  By contrast, Dr. Gill's

12   treatment records note that McKay denied current drug abuse, and admitted only

13   to a history of alcohol abuse and prior use of methamphetamines.  AR 17, 1249,

14   1263, 1368.  Dr. Gill diagnosed alcohol abuse but did not diagnose substance

15   abuse.  AR 17, 1264.  The reasonable inference is that Dr. Gill was unaware of

16   McKay's ongoing drug use and thus could not have rendered his opinion apart

17   from the effects of McKay's drug abuse on her ability to work.

18   The ALJ stated specific and legitimate reasons, supported by substantial

19   evidence for rejecting Dr. Gill's opinion regarding McKay's functional limitations

20   when she is not abusing substances.[3]

21

22

23

24

25

26

---

27       [3]  McKay argues the ALJ erred in failing to contact Dr. Gill to obtain
     clarification of the opinions.  JS 6.  The ALJ did not err because there is no
28   indication of ambiguity in the record.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.**

**<u>ORDER</u>**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: June 21, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge

7